**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LIESA KYER,<br><br>    Plaintiff-Relator,<br><br>    vs.<br><br>THOMAS HEALTH SYSTEM, INC., HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION (d/b/a THOMAS MEMORIAL HOSPITAL)  CHARLESTON HOSPITAL, INC. (d/b/a ST. FRANCIS HOSPITAL), THS PHYSICIANS PARTNERS, INC., and BRIAN ULERY,<br><br>    Defendants. | CIVIL ACTION NO. 2:20-cv-00732 |

**DEFENDANTS' RESPONSE TO RELATOR'S
SUPPLEMENTAL BRIEFING REGARDING *LOPER BRIGHT***

Congress carefully crafted the Stark Law to protect patients and to ensure that hospitals, health care systems, and physicians could be paid for the critical services they provide. The Stark Law was rigorously debated and drafted by lawmakers, codifying exceptions that allow providers to enter into arrangements that might otherwise be prohibited if the Stark Law were a single-sentence ban on referrals. But it is not. And the Supreme Court's decision in *Loper Bright* empowers this Court to consider the single, best meaning of the Stark Law and determine that its statutorily enshrined exceptions demonstrate that Relator failed to state a claim upon which relief may be granted. Allowing Relator's *First Amended Complaint* to survive undermines that Congressional intent and upends the very compensation systems that healthcare workers rely on to provide critical services to patients across the country.

1

Defendants and Relator agree that the Supreme Court's guidance in *Loper Bright* is largely inapplicable to this matter, as the Parties agree that the Court's ability to determine whether Relator plausibly—and specifically—stated a claim lies within the Stark Law itself. (Dkt. 66 p. 7 & Dkt. 67 p. 7). *Loper Bright* applies when courts are asked to review challenges to an agency's interpretation of a statute that is "silent or ambiguous" on a particular issue. *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2247 (2024). In that scenario, courts must exercise independent judgment and make a determination of whether an agency acted within its statutory authority. *Id.* at 2273. No longer can courts blindly rely on an agency's own interpretation of the statute as previously allowed under *Chevron*. *Id.* (cleaned up). Here, the Parties are not requesting that this Court parse any ambiguous grant of authority. Rather, this Court can look to the Stark Law and its permissive compensation arrangements and determine that Relator has failed to state a claim.

*Loper Bright* does not change this Court's analysis of Defendants' *Joint Motion to Dismiss*. The arguments about Relator's failure to comply with the False Claims Act's filing and seal requirements remain unaffected, as do Defendants' arguments about Relator's failure to allege fraud with the specificity required by Rule 9(b). But most critically—for the purpose of this Court's consideration in determining the best reading of the Stark Law—is that Relator's allegations about wRVU compensation and incident-to billing are permitted by the Stark Law itself. These facts raised by Relator satisfy the Stark Law exceptions and the Court has been provided with sufficient information to consider those exceptions.

Where "facts sufficient to rule on an affirmative defense are alleged in the complaint, the defenses may be reached by a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6)." *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *23 (E.D. Va. Aug. 16, 2024) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 464 (4th Cir. 2007). In other words, a "court may exercise its discretion and consider affirmative defenses that 'clearly appear on the face of the

complaint.'" *Id.* (cleaned up). It is true that Relator has no duty to anticipate an affirmative defense. *Id.* Yet Relator may plead herself out of court by "plead[ing] too much." *U.S. ex rel. Scott v. Pac. Architects & Engineers, Inc.*, No. CV 13-1844 (CKK), 2020 WL 224504, at *5 (D.D.C. Jan. 15, 2020). Thus a relator can plead themselves out of court by alleging facts that render success on the merits impossible. *Id.* (citing *U.S. ex rel. Doe v. Staples, Inc.*, 773 F.3d 83, 88 (D.C. Cir. 2014)). And when a relator "admits all the ingredients" of an affirmative defense (or here, a Stark Law exception), a complaint that otherwise states a claim may be dismissed under Rule 12(b)(6). *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014) (Traxler, C.J., concurring in in part and dissenting in part). Relator argues that the Stark Law's statutory exceptions are affirmative defenses only—but the Fourth Circuit disagrees.

The Stark Law provides for several exceptions to the prohibition of referrals for Designated Health Services between physicians and entities that have a financial relationship. 42 U.S.C. § 1395nn(b)-(e) (*see also* Dkt. 67 p. 3 n. 2). These exceptions include, relevant to Relator's *First Amended Complaint* and Defendants' *Joint Motion to Dismiss*:

- The Physician Services exception - 42 U.S.C. 1395nn(b)(1) and 1395nn(e)(3);
- In-Office Ancillary Services exception - 42 U.S.C. 1395nn(b)(2); and
- Bona Fide Employment Relationships exception – 42 U.S.C. 1395nn(e)(2).

Each of these exceptions is raised by name and in piecemeal references throughout Relator's allegations. Relator argues that Defendants' compensation "is based on services not actually provided by the physicians; does not serve a legitimate business purpose; and exceeds what could be considered fair market value or commercially reasonable." (Dkt. 52 ¶ 96). The allegations are vague, non-specific statements that are unsupported by any indicia of wrongdoing. For example, Relator does not provide any statement or allegation that services performed by mid-level providers were not provided under the in-office ancillary services exception found in 42 U.S.C. § 1395nn(b)(2), despite directly acknowledging this exception. Nor does Relator clarify any illegitimate business purpose, other than

3

broadly alleging that because the entities made money, they must be committing fraud. And, perhaps most egregiously, Relator simply alleges that because some physicians were paid above an arbitrary benchmark reached by a 3rd party commercial survey, that Defendants must be paying physicians above "fair market value." (*See* Dkt. 52 ¶ 152).

Each of these allegations directly speak to the Stark Law exceptions put into law by Congress. And while the majority of Relator's web of regulatory parlance are unsupported by facts, the ultimate asserted theories of liability are devastatingly unsupported by the Stark Law itself. The exceptions codified by Congress permit the wRVU payment arrangements outline by Relator and do not require the arbitrary requirements proffered by Relator as proofs of fraud.

Because the Stark Law permits—requires—these exceptions to a blanket ban on referrals, this Court should consider each of Relator's allegations raising and relying on these clear exceptions. Relator's reliance on these exceptions removes them from the realm of simple affirmative defenses to criteria ripe for consideration under Defendants' *Joint Motion to Dismiss*. By raising these exceptions and "admitting all the ingredients" of the Stark Law's permissive compensation arrangements, Relator has pleaded herself out of a case. *Loper Bright* requires no further exploration of the Stark Law other than a plain reading that incorporates these exceptions and Relator's reliance on facts that support Defendants' arguments that this case should be dismissed under Rules 9(b) and 12(b)(6).

**THOMAS HEALTH SYSTEM, INC., HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION d/b/a THOMAS MEMORIAL HOSPITAL, CHARLESTON HOSPITAL, INC. d/b/a ST. FRANCIS HOSPITAL, THS PHYSICIANS PARTNERS, INC., and BRIAN ULERY**

By: */s/ Robert L. Massie*
     Of Counsel

Robert L. Massie
NELSON MULLINS RILEY &
SCARBOROUGH LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
Ph: 304-526-3502
Email: bob.massie@nelsonmullins.com

And

David B. Honig, Pro Hac Vice
Matthew M. Schappa, Pro Hac Vice
HALL RENDER KILLIAN HEATH &
LYMAN, P.C.
500 N. Meridian Street, Ste. 400
Indianapolis, IN 46204
Ph: 317-633-4884
Email: dhonig@hallrender.com
Email: mschappa@hallrender.com

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I, Robert L. Massie, hereby certify that a true and correct copy of the foregoing **"Defendants'**
**Response to Relator's Supplemental Briefing Regarding Loper Bright"** has been served
electronically by the Court's CM/ECF system which will automatically send notice of such filing to
counsel of record this 18th day of October, 2024.

*/s/ Robert L. Massie*
Robert L. Massie (WV Bar #5743)
