IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA EX REL. LIESA KYER,

Plaintiff,

v.   CIVIL ACTION NO.   2:20-cv-00732

THOMAS HEALTH SYSTEM, INC., et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's Motion to Vacate Judgment and For Leave to File a Second Amended Complaint, [ECF No. 76]. Defendants timely responded in opposition, [ECF No. 78], and Plaintiff replied, [ECF No. 79]. Plaintiff also filed a Motion for Leave to File Notice of Supplemental Authority, [ECF No. 80], to which Defendants objected, [ECF No. 81]. The matters are ripe for review. For the reasons that follow, Plaintiff's Motions **are DENIED**.

**I.   Background**

The facts of this case are fully briefed in my previous order, *United States ex rel. Kyer v. Thomas Health System, Inc.*, No. 2:20-cv-732, 2024 WL 4165082 (S.D.W. Va. Sept. 12, 2024), and opinion, *United States ex rel. Kyer v. Thomas Health System, Inc.*, No. 2:20-cv-732, 2024 WL 4707811 (S.D.W. Va. Nov. 7, 2024). This case began in 2020. Plaintiff ("Relator") and the Government have had ample time to compile facts, research, and present sufficient claims. And after far more continuances than any court usually grants, the Government bowed out of the action.

1

Defendant, on the other hand, has been dragged along since the case was unsealed. Now, Relator seeks a third bite at the apple.

## II. Legal Standard

Relator's motion comes under Federal Rules of Civil Procedure 15(a) (amending pleading), 16(b)(4) (modifying a scheduling order),[1] 59(e) (altering or amending a judgment), 60(b)(6) (relieving a party from a final judgment), and Local Rule 16.1(f) (duty to supplement).[2] Federal Rules 59, 60, and 15 are the subject of the parties' arguments and my analysis.

The Fourth Circuit has recently clarified the interaction between Rules 59(e), 60(b), and 15(a). *See Daulatzai v. Maryland*, 87 F.4th 166, 177–78 (4th Cir. 2024). To start, if a Rule 15 motion to amend is filed after a judgment of dismissal, the court cannot consider the motion to amend until the judgment is vacated. *Id.* at 177. Vacatur of the judgment "may be accomplished either by the authority of Rule 59(e) or Rule 60(b)." *Id.* The rules, however, are different, "both in scope and purpose, and by their own terms, different standards apply." *Id.*

Under Rule 59(e) the district court can "rectify its own mistakes" on "virtually any basis that it determines might have been an error or mistake in its judgment." *Id.* at 177 (citing *White v. N.H. Dep't of Emp. Sec.,* 455 U.S. 445, 450 (1982)). When a motion under Rule 59(e) is filed with a Rule 15(a) motion to amend, the court can "simply turn to the standard applicable to the motion to amend." *Id.* at 178–79 (citing *Laber v. Harvey*, 438 F.3d 404, 427–28 (4th Cir. 2006)). This effectively collapses Rule 59(e) and Rule 15(a) motions into a single inquiry.

---

[1] Rule 16(b)(4) governs the modification of the court's scheduling order. Fed. R. Civ. P. 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Because Relator's Motion is denied, an analysis of this rule is moot.

[2] Local Rule 16.1(f) similarly addresses the parties' abilities to modify the scheduling order. Analysis under this rule is also moot.

On the other hand, Rule 60(b) relieves a party from a final judgment. Fed. R. Civ. P. 60(b). Rule 60(b) provides a much narrower set of circumstances for the moving party to be relieved of a judgment. *Daulatzai*, 87 F.4th at 178 (listing the six grounds for relief under Rule 60(b)). And before the court can consider the party's Rule 15(a) motion to amend, the moving party must satisfy at least one ground of Rule 60(b). *Id.* This is what makes the two vacatur motions different: a Rule 60(b) motion filed with a Rule 15(a) motion to amend is assessed under a two-step inquiry.

Regardless of which path the court takes; the Rule 15(a) standard is the same. Under the Federal Rules, a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Similarly, the Fourth Circuit has adopted a policy of liberal amendment, in the interest of resolving cases on their merits. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). That policy, however, is not a blank check for plaintiffs. Three justifications permit the district court to deny a motion to amend: "prejudice to the opposing party, bad faith, or where the amendment would be futile." *Id.* (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

### III.   Analysis

Relator's motion to vacate under Rule 60(b) must be denied because she has failed to satisfy any ground for vacatur under the rule. Similarly, Relator's motion to vacate under Rule 59(e) must be denied because I find that continuing this litigation would be prejudicial to the Defendants. I will address both in turn.

#### A. Motion Under Rule 60(b)

The court may relieve a party from a final judgment for any of the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

>**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>**(4)** the judgment is void;
>**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Relator barely argues that vacatur of the judgment is appropriate under Rule 60(b). *See* [ECF No. 77]. Although invoked in her motion, Rule 60(b) analysis is relegated to a footnote where she states relief is appropriate "to accomplish justice." *Id.* at 3 n.1. Other than the sixth catchall ground under Rule 60(b), Relator offers no other ground.

To prevail under Rule 60(b)(6), this court as well as the Fourth Circuit has said that the moving party must show (1) the Rule 60(b)(6) motion is "timely and premised on a meritorious defense," (2) there is an "absence of prejudice to the opposing party," and (3) there are "exceptional circumstances." *Bailey v. Pre-Settlement Finance, L.L.C.*, No. 2:08-cv-146, 2008 WL 11380061, at *2 (S.D. W. Va. Aug. 20, 2008) (citing *Smith v. Bounds*, 813 F.2d 1299, 1303 (4th Cir. 1987)).

For the reasons that follow in my Rule 59(e) analysis, I find that granting the motion would prejudice the non-moving party. Similarly, there are no expectational circumstances that warrant vacatur of the judgment. *K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107, 117 (4th Cir. 2013) ("The remedy afforded by Rule 60(b) is an 'extraordinary' one that is 'only to be invoked upon a showing of exceptional circumstances.'") (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). Indeed, Relator only argues that "justice" requires the court to consider the merits of the case. This blanket statement cannot be true while Relator presents no exceptional circumstances or extraordinary change in the facts, the law, or the posture of this case.

4

Because Relator has failed to show that Rule 60(b) vacatur is appropriate, I need not address the Rule 15(a) standard to amend. Accordingly, Relator's Motion to Vacate under Rule 60(b) is **DENIED.**

**B.　Motion Under Rule 59(e)**

Realtor's Rule 59(e) motion to alter or amend the judgment, however, *does* require the district court to consider the Rule 15(a) motion to amend standard. And as already noted, the two motions can be addressed in a single inquiry: "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426.

Here, Relator's second amendment to the complaint would be prejudicial to Defendants. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id.* at 427. An amendment is prejudicial when it raises new legal theories not already contemplated by the defendants, usually before or during trial. *Id.* An amendment is not prejudicial when it "merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Delay on its own cannot support a denial of leave to amend, but it often supports a conclusion of bad faith and prejudice. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197–98 (4th Cir. 2022) ("[C]ourts will reasonably deny a higher number (perhaps a much higher number) of post-judgment motions to amend like the one here.") Therefore, it makes sense to conclude that "the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant." *Laber*, 438 F.3d at 427 (citing *Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984)).

To begin, Relator has had *years* to gather sufficient information, untie the connected defendants in the alleged scheme, and assert particularized claims of fraud. *See* [ECF No. 2]. From the filing of the complaint on November 9, 2020, to the unsealing of the case on July 12, 2023, Relator had the benefit of nearly three years to prepare without Defendants' adverse participation. [ECF Nos. 1, 23]. So too did the United States benefit from that time to review "over 500,000 pages of documents produced by the Defendants in response to a subpoena" served by the United States. [ECF No. 22, at 1]. Ultimately, the United States declined to intervene at the time, though—oddly enough—it maintained its "right to intervene for cause at a later time should its investigation or evidence developed through discovery in this matter provide good cause for such action." *Id.* at 2.

Instead, Relator pursued the claim in the name of the United States. *Id.* at 2. And Relator worked with the United States, presumably benefitting from the years of discovery pursued by the United States. [ECF No. 47, at 3] ("Relator is working with the United States to identity additional factual detail responsive to Defendants' motion, and that process is not yet complete."). Already did Relator (and the non-intervening but quasi-involved United States) enjoy significant advantage over Defendants.

But time marched on. The court granted Relator's motion to extend, modified its schedule, and permitted the filing of the First Amended Complaint ("FAC"), which was intended to address Defendants' alleged failures as outlined in their first motion to dismiss, [ECF No. 36]. [ECF No. 48]. The FAC was followed by Defendants' new motion to dismiss, and the motion was ripe by June 4, 2024, more than three and a half years after the original complaint was filed.

This is all to say that Relator—for a long time—has been in a superior position to meet the requirements of alleging her claims with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake."). But with that great advantage, Relator still failed to properly plead her claims.

Considering this background, I return to the standard. I recognize that this case remains stalled at the pleading stage, and "the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant." *Laber*, 438 F.3d at 427 (citing *Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984)). Though the case was unsealed on July 12, 2023, Relator and the Government have had significantly more time then Defendants. Against that, Defendants have been expected to defend against an action with presumably much more prepared adversaries. I have already recognized that "[a]llegations of fraud precede serious and often disastrous consequences." *United States ex rel. Kyer v. Thomas Health System, Inc.*, No. 2:20-cv-732, 2024 WL 4707811, at *10 (S.D.W. Va. Nov. 7, 2024). This is no less true when Relator has had years to perfect her claims of fraud. Therefore, the progress of this litigation and the timing of the motion to amend favor denying Relator's motion.

Of course, delay alone is not enough to deny Relator's motion, though it often provides evidence of prejudice to the defendant. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). Nevertheless, "I cannot, and I will not, drag a defendant into discovery," whether it be on the Relator's third or fourth or fifth attempt—likely enduring through years five, six, and seven. *Kyer*, 2024 WL 4707811, at *10. Especially after years of one-sided discovery, there must be a time to get off the merry-go-round.

Additionally, Relator seeks to further prolong this litigation by not offering a proposed Second Amended Complaint for the court to consider. In her motion, Relator asks for the court to first grant her "Motion to Vacate Judgment and for Leave to File a Second Amended Complaint," and then "allow Relator 30 days upon entry of the Court's order within which to file a second

amendment complaint." [ECF No. 76, at 2]; *see also* [ECF No. 77, at 1] ("Relator asks for 30 days from the issuance of the Court's Order within which to file a Second Amended Complaint."). And though the Rule 15(a) standard may be "liberal," the district court—conducting the required Fourth Circuit analysis—must ensure that futility, prejudice, and bad faith are not present. To properly do so requires some improved, adequate, and particularized second amended complaint which is not present.[3]

Relator, to her credit, offers glimpses of an amendment in her memorandum. *See* [ECF No. 77]. Relator argues that she will address the court's concerns by further describing and clarifying each Defendant's role in the alleged fraudulent conduct and how representative claims are the *result* of an alleged scheme. *Id.* at 10, 11. While this may be a good start, the Relator must cross the chasm from "*something* [being] alleged to have happened at the hands of *someone*" to particularized claims of fraud. *Kyer*, 2024 WL 4707811, at *5. "The specific 'who' tied to a 'what'" of the "who, what, when, where, and how" analysis under Rule 9(b) will require significant untangling by the Relator and a complete re-evaluation by Defendants. *Id.; see also United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022).

This, I find, is the kind of amendment prejudicial to Defendants. Prejudice can result "where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party . . .." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). And although this litigation stalled long before trial, Relator's cure to address the court's problems will significantly impact the Defendants as they

---

[3] Just briefly, the paradox posed here further strains judicial economy and subverts Rule 15(a). To determine if a Rule 15(a) amendment is appropriate, the court should ensure that there is no futility, prejudice, and bad faith. But if a new amended complaint is not provided, how is the court expected to address those grounds for denying a motion to amend? Alternatively, not providing a new amended complaint cannot result in automatic success for the plaintiff either. Regardless, even without the proposed second amended complaint, I still find that prejudice to Defendants would result for granting the motion to amend.

8

would finally learn the specific and particularized allegations of fraud to each defendant. Surely this is prejudicial, especially after the advantage of time and Government discovery Relator enjoyed.

### IV.     Conclusion

For these reasons, Relator's Motion to Vacate Judgment and For Leave to File a Second Amended Complaint, [ECF No. 76], is **DENIED.** Relator's Motion for Leave to File Notice of Supplemental Authority, [ECF No. 80], is also **DENIED as moot.**[4]

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     April 11, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[4] As this memorandum opinion and order disposes of Relator's Motion to Vacate, Relator's motion to file supplemental authority is denied as moot. Nonetheless, I have reviewed Fourth Circuit caselaw developed since Relator's motion became ripe. The supplemental authority, however, does not convince me that it was error to dismiss Relator's First Amended Complaint. Nor does the supplemental authority persuade me that a Second Amended Complaint would not be prejudicial to Defendants.